Argued and submitted November 19, 1990, reversed and remanded for reconsideration
February 6, 1991

In the Matter of the Compensation of
Maria Alonzo, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Agripac, Inc.,
*Petitioners,*

*v.*

Maria ALONZO,
*Respondent.*

(WCB 88-11045; CA A64186)

804 P2d 523

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

No appearance by respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order denying an offset for overpayment of temporary disability benefits. We reverse and remand.

Claimant worked for employer as a seasonal worker. On October 10, 1987, she was struck on the back by a hydraulically operated door. Employer accepted her claim for that injury. She tried to return to work ten days later but was unable to do so because of her injury. She saw a chiropractor, who took her off work and began treating her for low back pain. The chiropractor treated claimant three times a week over the next four months, but her condition showed no improvement.

On February 22, 1988, claimant was examined by another chiropractor at employer's request. That chiropractor found that claimant's condition was normal and that there were no objective findings supporting claimant's subjective complaints. The chiropractor concluded that she was medically stationary and that further chiropractic treatments were not reasonable or necessary. Claimant had another examination on April 8, 1988, by an orthopedic surgeon, a neurologist and a chiropractor. The objective findings were again normal. Employer sent claimant a denial for ongoing chiropractic treatments on September 7, 1988. Claimant contested the denial and requested a hearing. On November 2, 1988, the referee affirmed the employer's denial and modified the award of temporary total disability, retroactively terminating it as of February 22, 1988. The referee made no mention of an offset for the overpayment.

Both parties appealed to the Board, and the Board affirmed the referee's order. The Board did not rule on employer's request to recover an overpayment, because the issue was not raised at the hearing. Employer contends both that the issue was raised in the pleadings and that, even if recovery of an overpayment was not raised, the Board could consider the overpayment request on its *de novo* review.

The record shows that employer raised the offset issue in its responses to issues before the hearing, requesting a return of an overpayment of $614.45. On remand, the Board is to determine whether employer is in fact entitled to an offset.

We need not decide if the Board could have decided the issue on *de novo* review under ORS 656.295(5) and (6) had the question not been raised below.

Reversed and remanded for reconsideration.